**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JARED TUFF,**

    **Plaintiff,**
v.                     6:16-CV-473

**VILLAGE OF YORKVILLE POLICE DEPARTMENT,
VILLAGE OF YORKVILLE, POLICE CHIEF DeLUCA,
OFFICER GUCA,**

    **Defendants.**
_____

**THOMAS J. McAVOY,
Senior United States District Judge**

## DECISION & ORDER

**I. INTRODUCTION**

Plaintiff Jared Tuff commenced this action asserting claims pursuant to 42 U.S.C. § 1983 and New York state law. Defendants previously moved to dismiss portions of the Complaint. In response to that motion, the Court terminated the Village of Yorkville Police Department ("YPD") as a defendant, struck from the Complaint the punitive damages claim against the Village of Yorkville ("Village"), dismissed without leave to replead certain claims, dismissed other claims with leave to replead, and denied the motion in all other respects. *See* 01/30/17 Dec. & Order, dkt # 15. Plaintiff then filed an Amended Complaint (dkt. # 16) which, with one exception,[1] repleads *all* the same claims against the same defendants, and demands the same relief, as contained in the Complaint, seemingly ignoring the substance

---

[1] Plaintiff did not replead a First Amendment claim.

1

of the Court's January 30, 2017 Decision and Order.

Defendants now move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss with prejudice many of the repleaded claims. Dkt. # 17. In response, Plaintiff files only an affidavit from his attorney. *See* Manion Aff., dkt. 19. Because an affidavit may not contain legal arguments, *see* N.D.N.Y. L.R. 7.1(a)(2),[2] and because Plaintiff failed to file a memorandum of law as required by N.D.N.Y. L.R. 7.1(a)(1), the Court treats the motion as unopposed. *See* N.D.N.Y. L.R. 7.1(b)(3).[3] For the reasons that follow, Defendants' motion is granted.

## II. BACKGROUND

The allegations pertinent to this case were set forth in detail in the January 30, 2017 Decision and Order, familiarity with which is presumed. Because the Amended Complaint changes little, the allegations in that pleading will not be repeated here. Suffice it to say that except for the omission of a First Amendment claim, the Amended Complaint contains the same claims, defendants, and demands for relief as existed in the original Complaint. The Amended Complaint also adds new factual allegations to paragraphs 22, 27, and 30. These new factual allegations are identified here in bolded text:

22. Upon information and belief this type of search, **seizure and treatment of**

---

[2] In any event, Attorney Manion's 5-paragraph affidavit contains, at most, the conclusory and confusing contention that "the causes of action as replead [*sic*] are sufficient to defeat summary judgment as [*sic*] this time. It is expected that discovery will aid the plaintiff to enlighten his several causes of action that were not dismissed." Manion Aff. ¶ 4. This does not address the substantive challenges presented by Defendants in their Rule 12(b)(6) motion.

[3] This Rule provides in relevant part :

> Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's *failure to file or serve any papers as this Rule requires* shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown.

N.D.N.Y. L.R. 7.1(b)(3) (emphasis added).

> **the plaintiff** is a policy and procedure either written or unwritten of the defendants when pulling over individuals such as plaintiff - African Americans - for violation of traffic offenses. **Upon information and belief DeLuca created such policies under which unconstitutional practices such as occurred herein or allowed the continuance of such policies or customs after learning of them. Upon information and belief by doing so, DeLuca as supervisor was grossly negligent in supervising defendant Guca.**
>
> 27. The plaintiff was also physically injured with bruising as a result of the conduct described in this complaint. **Plaintiff suffered injury to his tooth as a result of the conduct described in this complaint.**
>
> 30. Defendants DeLuca and Village authorized, tolerated as institutional practices, and ratified the misconduct detailed above by:
>
>> a. Failing to properly discipline, restrict, and control employees,
>> b. Failing to supervise subordinates known to be irresponsible in their dealings with citizens of the community;
>> c. Failing to take adequate precautions in the hiring, promotion, and retention of police personnel, including specifically defendant;
>> d. Failing to forward to the office of the District Attorney of Oneida County evidence of criminal acts committed by police personnel;
>> e. Failing to establish or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of police misconduct, but instead responding to these types of complaints with bureaucratic power and official denials calculated to mislead the public.
>> **f. Failing to properly train subordinates.**
>> **g. Failing to provide proper teaching tools in handling the issuance of simplified traffic tickts [*sic*].**
>> **h. There was no legitimate purpose for the treatment subjected upon the plaintiff by the defendants in the course of issuing a simplified traffic ticket. By the defendant Guca grabbing plaintiff from his car, slamming him across the hood and patting him down, Guca's actions were totally improper. Because plaintiff was African American he treated him wrongfully and clearly having no purpose therefore wanted access to the interior of plaintiff's vehicle looking for contraband.**

Am. Compl.

### III. STANDARD OF REVIEW

On a motion to dismiss under Rule 12(b)(6), the Court must accept "all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotation marks omitted). This tenet does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation and internal quotations marks omitted). A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint which "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient. *Id.* (citations omitted). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." *Luna v. N. Babylon Teacher's Org.*, 11 F. Supp.3d 396, 401 (E.D.N.Y. 2014); *see Faber v. Metropolitan Life Ins.*, 648 F.3d 98, 104 (2d Cir. 2011).

### IV. DISCUSSION

#### a. Defendant, Demand For Relief, and Claims Dismissed without Leave to Replead

In the January 30, 2017 Decision and Order, the Court terminated the YPD as a defendant, struck from the Complaint any demand for punitive damages against the Village,

4

and dismissed without leave to replead the following:

- all claims against Chief DeLuca and Officer Guca in their official capacities;

- all claims premised on the 5th, 8th, and 9th Amendments;

- the 14th Amendment claim based on upon the alleged search of Plaintiff's vehicle;

- the 14th Amendment claim based upon Plaintiff's arrest;

- the § 1983 false testimony claim against Officer Guca including the 6th Amendment claim;

- the § 1983 conspiracy claim;

- the 14th Amendment due process claim based on the alleged excessive force;

- the 14th Amendment claim based on the alleged permitting and encouraging perjured testimony;

- the state law claims of false arrest, assault and battery, illegal search, negligence, and gross negligence; and

- the state law claims of malicious prosecution and abuse of process against Chief DeLuca.

*See* dkt. # 15.

Plaintiff fails to proffer a meritorious reason why the Court should reconsider these decisions, and his inclusion of the YPD as a defendant, the arguable demand for punitive damages from the Village,[4] the above-referenced claims, and official capacity claims against Chief DeLuca and Officer Guca is frivolous, needlessly increases the cost of litigation, and causes an unnecessary expenditure of scarce judicial resources. Defendants' motion to terminate the YPD as a defendant, strike from the Amended

---

[4]Both the Complaint and the Amended Complaint demand $10,000,000.00 in punitive damages "in the case for excessive force." The excessive force claim remains viable against both Officer Guco and the Village, thus indicating that Plaintiff seeks these damages against both defendants.

5

Complaint the punitive damages claim against the Village, and dismiss with prejudice the above-referenced claims is granted.

### b. Claims Dismissed with Leave to Replead

The claims that the Court previously dismissed with leave to replead were: all § 1983 claims against Chief DeLuca; the § 1983 claim based upon the alleged concealment of exculpatory material; a First Amendment claim; and a state law claim of abuse of process against Officer Guca and the Village. Plaintiff repleaded each of these claims except the First Amendment claim. Defendant argues that the allegations in the Amended Complaint are insufficient to assert viable claims in these respects. The Court agrees.

### 1. § 1983 Claim for Concealment of Exculpatory Evidence

The Amended Complaint contains no new allegations about the alleged concealment of exculpatory evidence. Since Plaintiff had an opportunity to come forth with new allegations but failed to do so, the claim is dismissed with prejudice. *See Gorbaty v. Wells Fargo Bank, N.A.*, 2014 WL 4742509, at *21 (E.D.N.Y. Sept. 23, 2014)("Having already afforded Plaintiff an opportunity to supplement her allegations concerning the "unearned fees and illegal kickbacks" charged on the Mortgage Loan, the court finds that further amendment of these allegations would be futile.")(citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)); *see also Abascal v. Hilton*, 2008 WL 268366, at *8 (N.D.N.Y. Jan. 30, 2008) ("Of course, granting a *pro se* plaintiff[5] an opportunity to amend is not required where the plaintiff has already been given a chance to amend his pleading.")(collecting cases), *aff'd sub nom*. *Abascal v. Jarkos*, 357 Fed. Appx. 388 (2d Cir. 2009)(unpublished); *see e.g.*

---

[5]The Court notes that Plaintiff is not proceeding *pro se*, but rather is represented by attorney Ann W. Manion, Esq.

6

*Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir.1991) ("[W]here a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (affirming, in part, dismissal of claim with prejudice) (citation omitted).

### 2. § 1983 Claims Against Chief DeLuca

Plaintiff once again asserts § 1983 claims against Chief DeLuca based upon his supervisory capacity as the police chief. As the Court explained in the January 30, 2017 Decision and Order, a defendant's personal involvement in alleged constitutional deprivations is a prerequisite to a damages award under § 1983. *Odom v. Matteo*, 772 F. Supp. 2d 377, 403 (D. Conn. 2011) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). "The personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed continuance of such a policy or custom; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the defendant exhibited deliberate indifference to the rights of [others] by failing to act on information indicating that unconstitutional acts were occurring." *Odom*, 772 F. Supp. 2d at 403 (quoting *Colon*, 58 F.3d at 873). The Court held that Plaintiff's original Complaint

> contains no specific allegation about DeLuca's personal involvement in any of the events underlying this case, instead making only conclusory allegations about DeLuca's responsibilities and supposed failures after the alleged constitutional violations had occurred. . . . Plaintiff fails to present factual allegations plausibly indicting that DeLuca (1) participated directly in the alleged constitutional violations committed by Guca; (2) failed to remedy a constitutional violation after being informed of it; (3) created a policy or custom under which unconstitutional practices occurred, or allowed continuance of

such a policy or custom; (4) was grossly negligent in supervising Guca; or (5) exhibited deliberate indifference to Plaintiff's rights by failing to act on information indicating that unconstitutional acts were occurring. Because Plaintiff's non-conclusory factual allegations fail to present a plausible basis to satisfy any of the *Colon* factors, the §1983 claims against DeLuca are dismissed without prejudice to repleading.

Dkt. # 15, pp. 9-11 (footnotes omitted).

It appears that Plaintiff attempts to replead the § 1983 claims against Chief DeLuca by adding new allegations to paragraph 22 of the Amended Complaint. Am. Compl. ¶ 22.[6] However, these new allegations are not factual assertions showing that any of the five *Colon* factors apply. Rather, the new allegations simply recite, essentially verbatim, two of the *Colon* factors. Just as with the original allegations, these new allegations contain no factual content plausibly implicating Chief DeLuca. They are nothing more than unadorned legal conclusions that cannot survive a motion to dismiss. Without further factual enhancement, Plaintiff's complaint stops short of the line between possibility and plausibility of entitlement to relief. *Iqbal*, 556 U.S. at 678-80.

Another point bears noting. In both the Complaint and the Amended Complaint, Plaintiff asserts that "Defendants DeLuca and Village had prior notice of the vicious propensities of defendant Guca but took no steps to train him, correct his authority, or to discourage his unlawful use of authority." Compl. ¶ 29; Am. Compl. ¶ 29. While the Court allowed the *Monell* claim to proceed against the Village, Plaintiff included no factual allegations in the Complaint indicating that Chief DeLuca was personally aware that Officer Guca previously used excessive force or exercised unlawful authority. The Amended

---

[6]Plaintiff alleges that "DeLuca created such policies under which unconstitutional practices such as occurred herein or allowed the continuance of such policies or customs after learning of them ... and by doing so, DeLuca as supervisor was grossly negligent in supervising defendant Guca." Am. Compl. ¶ 22.

8

Complaint does no better. As the Amended Complaint stands, Plaintiff's claim against Chief DeLuca is based solely on Officer Guca's acts of April 22, 2015 (*e.g.* allegedly pulling Plaintiff out of his vehicle, "slamming" him on the hood of the vehicle, and wrongfully ticketing him for running a red light). While a supervisor can be held personally liable when the supervisor "had prior notice of the vicious propensities of" an officer "yet nonetheless authorized, permitted, and ratified [his] misconduct," *Gillespie v. Ancona*, 1999 WL 66538, at *5 (D. Conn. Feb. 4, 1999), a defendant in a section 1983 action may not be held liable merely because he holds a high position of authority. *Id.* *4 (citing *Meriwether v. Coughlin*, 879 F.2d 1037, 1046 (2d Cir.1989)). Thus, "supervisory officials cannot be liable for the acts of their subordinates solely on a theory of *respondeat superior* or vicarious liability." *Id.* (citing *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir.1985) (*per curiam*)). Plaintiff's allegations against Chief DeLuca in support of this claim are merely threadbare formulaic recitations of the elements of a cause of action. The Amended Complaint lacks factual content sufficient to allow the Court to draw the reasonable inference that Chief DeLuca is liable for personally authorizing, permitting, or ratifying Officer Guco's misconduct. Thus, the allegations do not meet the plausibility standard.

For the reasons discussed above, and because Plaintiff failed to rectify the pleading deficiencies although given the opportunity to do so, all § 1983 claims against Chief DeLuca are dismissed with prejudice.

### 3. State Law Abuse of Process Claim Against the Village and Officer Guca

In the January 30, 2017 Decision and Order, the Court dismissed with leave to replead the state law abuse of process claim, finding that the Complaint failed "to allege

facts that could plausibly establish the 'collateral objective' prong of the abuse of process standard." Dkt. 15, p. 31. It is not clear whether Plaintiff's Amended Complaint contains any new allegations intended to revive the abuse of process claim. To the extent the new allegations in paragraph 30(h) are directed at the abuse of process claim,[7] they are insufficient. Plaintiff's allegations concerning Officer Guca "grabbing" him from his vehicle and "slamming" him on the hood without justification were in the original Complaint, and they were insufficient to state a claim for abuse of process. The allegation concerning Officer Guca treating Plaintiff wrongfully because he is African American goes to motive, not an improper purpose. The allegation pertaining to Officer Guca wanting access to the interior of Plaintiff's vehicle to look for contraband is not a collateral purpose beyond or in addition to prosecuting Plaintiff. Nor did the alleged vehicle search occur after issuing process. Rather, Plaintiff alleges that Officer Guca searched his vehicle, found no contraband, and then issued the traffic ticket for running a red light.

Plaintiff has not alleged any facts indicating that Officer Guca issued the traffic ticket in order to compel Plaintiff's performance or forbearance of any act beyond or in addition to paying the traffic ticket. Because Plaintiff again fails to allege facts sufficient to satisfy the elements of an abuse of process claim, the claim is dismissed with prejudice.

## V. CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss portions of the Amended Complaint [Dkt. # 17] is **GRANTED**. Accordingly,

---

[7]In paragraph 30(h), Plaintiff alleges that Officer Guca's actions of "grabbing plaintiff from his car, slamming him across the hood and patting him down" was "totally improper," and "[b]ecause plaintiff was African American he treated him wrongfully and clearly having no purpose therefore wanted access to the interior of plaintiffs vehicle looking for contraband."

10

-all claims against the Village of Yorkville Police Department are dismissed with prejudice;

- the punitive damages claim against the Village of Yorkville is struck with prejudice from the Amended Complaint;

- all claims against Chief DeLuca and Officer Guca in their official capacities are dismissed with prejudice;

- all claims premised on the 5th, 8th, and 9th Amendments are dismissed with prejudice;

- the 14th Amendment claim based on upon the alleged search of Plaintiff's vehicle is dismissed with prejudice;

- the 14th Amendment claim based upon Plaintiff's arrest is dismissed with prejudice;

- the § 1983 false testimony claim against Officer Guca including the 6th Amendment claim is dismissed with prejudice;

- the § 1983 conspiracy claim is dismissed with prejudice;

- the 14th Amendment due process claim based on the alleged excessive force is dismissed with prejudice;

- the 14th Amendment claim based on the alleged permitting and encouraging perjured testimony is dismissed with prejudice;

- the state law claims of false arrest, assault and battery, illegal search, negligence, and gross negligence are dismissed with prejudice;

- the state law claims of malicious prosecution and abuse of process against Chief DeLuca are dismissed with prejudice;

- the § 1983 claim for concealment of exculpatory evidence is dismissed with prejudice;

- all § 1983 claims against Chief DeLuca are dismissed with prejudice;

and,

- the state law abuse of process claim against the Village and Officer Guca are dismissed with prejudice.

Based upon the above, the Clerk of the Court may terminate the VILLAGE OF

YORKVILLE POLICE DEPARTMENT and POLICE CHIEF DeLUCA as defendants in this action.

**IT IS SO ORDERED.**

Dated: June 27, 2017

_____
Thomas J. McAvoy
Senior, U.S. District Judge